# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-897V
Filed: July 23, 2020
UNPUBLISHED

| | |
|---|---|
| TIMOTHY WOODS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and<br>Costs Decision |

*Mark Theodore Sadaka*, Mark T. Sadaka LLC, Englewood, NJ, for petitioner.
*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 14, 2020, petitioner moved for an award of interim attorneys' fees and costs in the amount of $41,463.38.  (ECF No. 47.)  In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs.  (ECF No. 48.)  However, respondent did note that "respondent is satisfied the statutory requirements and other legal requirements for an award of attorneys' fees and costs are met."  (*Id.* at 2.)  For the reasons discussed below, I award petitioner interim attorneys' fees and costs in full.

### I.     Procedural History

On June 30, 2017, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of his October 11, 2014 flu vaccination he suffered optic neuritis.  (ECF No. 1.)  This case was originally assigned to Special Master Millman.  (ECF No. 4.)   On March 16, 2018,

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy.  If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 14.)

Subsequently, petitioner filed an expert report from Dr. Lawrence Steinman to support his claim and, in response, respondent filed an expert report from Dr. Marc A. Bouffard.  (ECF Nos. 18, 21.)  After a round of supplemental expert reports, respondent additionally retained Dr. J. Lindsay Whitton to provide an expert report.  (ECF No. 35.)  This case was then reassigned to my docket on June 6, 2019.  (ECF No. 37.)

On October 8, 2019, I held a Rule 5 conference and issued a Rule 5 order, encouraging the parties to pursue settlement discussions in this case.  (ECF No. 39.)  Respondent remained uninterested in informally resolving this case and petitioner was ordered to file an expert report from a neuro-ophthalmologist to support his claim.  (ECF No. 41.)  Petitioner's expert report remains outstanding.

Petitioner filed the instant motion for interim attorneys' fees and costs on April 14, 2020, respondent filed his response on April 17, 2020, and petitioner filed his reply on April 17, 2020.  (ECF Nos. 47-49.)  Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In his response, respondent indicated that the statutory requirements were met in this case.  (ECF No. 48, p. 2.)  I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Id*.  In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  *Id*.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

Here, petitioner's request for interim attorneys' fees and costs is made after more than three years of litigation within the entitlement phase of this case and after petitioner incurred costs for providing multiple expert reports to support his claim.  Additionally,

petitioner is currently pursuing further expert opinion, and thus, the timing of the ultimate resolution of this case remains unknown.  Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### III.     Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019 and 2020 can be accessed online.[2]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323

---

[2] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

(Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

In this case, petitioner is seeking $31,675.33 in interim attorneys' fees for work performed in 2016 through 2020. I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2016 through 2020 for attorney time and paralegal time, are all reasonable and in accord with prior awards made by other special masters as well as the above-discussed Attorneys' Forum Hourly Rate Fee Schedules. Further, after reviewing the billing records, I find that the hours billed are all reasonable as well. Accordingly, I award petitioner the requested attorneys' interim fees in full.

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). In this case, petitioner seeks $9,788.05 in interim attorneys' costs, including expenses incurred in obtaining medical records and retaining Dr. Steinman. I have reviewed the expense records and supporting documentation submitted with petitioner's request, and I find that the requested interim attorneys' costs are all reasonable.

### IV. Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $41,463.38, representing $31,675.33 in interim attorneys' fees and $9,788.05 in interim attorneys' costs.

**Accordingly, I award the total of $41,463.38 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Mark T. Sadaka, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.