# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

**OFFICE OF SPECIAL MASTERS**
No. 17-897V
Filed: July 28, 2023

| | |
|---|---|
| TIMOTHY WOODS,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Respondent. | Special Master Horner |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for respondent.

## ORDER DENYING RECONSIDERATION[1]

On June 30, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012),[2] alleging that, as a result of his October 11, 2014, influenza ("flu") vaccination, he suffered orbital eye pain, decreased vision, vision loss, and optic neuritis.  (ECF No. 1.)  On December 6, 2022, a Finding of Fact issued, concluding that petitioner did not preponderantly demonstrate that he suffered optic neuritis as alleged.  (ECF No. 101, p. 21; *see also Woods v. Sec'y of Health & Human Servs.*, No. 17-897V, 2023 WL 19182, at *16 (Fed. Cl. Spec. Mstr. Dec. 6, 2022).)  On July 21, 2023, a decision issued dismissing the petition based on the Finding of Fact.  (ECF No. 115.)  On July 27, 2023, petitioner timely filed a motion for reconsideration.  (ECF No. 116.)  For the reasons discussed below, petitioner's motion is **DENIED**.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa, *et seq.*

1

### I. Procedural History

As noted above, I issued a Finding of Fact as to petitioner's diagnosis on December 6, 2022, finding there is not preponderant evidence that petitioner suffered optic neuritis. (ECF No. 101, p. 21; *Woods*, 2023 WL 19182, at *16.) The procedural history leading to the Finding of Fact is discussed in greater detail in the Finding of Fact and need not be repeated except as follows. (ECF No. 101, pp. 2-4; *Woods*, 2023 WL 19182, at *1-3.) Specifically, the details of the briefing process leading to the Finding of Fact form the basis for petitioner's motion for reconsideration.

The parties filed simultaneous briefs regarding the issue of diagnosis on July 1, 2022. (ECF Nos. 92, 93.) Concurrent with his initial brief, petitioner filed a medical article examining optic disc cupping following optic neuritis. (ECF No. 91; G. Rebolleda et al., *Optic Disc Cupping After Optic Neuritis Evaluated with Optic Coherence Tomography*, 23 EYE 890 (2009) (marked as Ex. 47).) On September 2, 2022, the parties submitted concurrent responsive briefs. (ECF Nos. 95, 97.) Contemporaneous with his responsive brief, respondent submitted a supplemental expert report from Dr. Bouffard, which was prompted by the filing of the Rebolleda et al. (2009) article. (ECF No. 96; Ex. M.)

Petitioner moved to strike both respondent's responsive brief and Dr. Bouffard's supplemental expert report on September 2, 2022. (ECF No. 98.) On September 7, 2022, respondent filed a response to petitioner's motion to strike and a cross-motion to strike the Rebolleda et al. (2009) article that was newly filed with petitioner's initial brief. (ECF No. 99.) Petitioner filed his reply that same day. (ECF No. 100.) Pertinent to the issue raised in the instant motion, petitioner's reply argued that, in petitioner's view, respondent's responsive brief included extensive discussion of the accompanying expert report by Dr. Bouffard (*i.e.*, Exhibit M). (*Id.* at 3.)

Before reaching the substantive question of petitioner's diagnosis, the December 6, 2022, Finding of Fact resolved the competing motions to strike in order to set the record for the fact finding. Petitioner's motion was granted in part and denied in part. With regard to respondent's filing of an additional expert report, I agreed with petitioner that in light of the overall procedural history, petitioner's introduction of the Rebolleda et al. (2009) article did not reasonably open the door to such a filing and struck the report. (ECF No. 101, p. 18; *Woods*, 2023 WL 19182, at *14.) However, with regard to petitioner's request that respondent's response brief also be struck, I denied this relief. (ECF No. 101, p. 19; *Woods*, 2023 WL 19182, at *14.) I also denied respondent's cross-motion to strike the Rebolleda et al. (2009) article. (*Id.*)

After the Finding of Fact was issued, petitioner was provided an opportunity to determine whether he could proceed based on any other injury. He ultimately advised that he could not. (ECF No. 114.) Accordingly, a decision dismissing this case issued on July 21, 2023. (ECF No. 115.) Petitioner then filed the instant motion for reconsideration. (ECF No. 116.)

## II. Petitioner's Contentions Regarding Reconsideration

Petitioner's motion is based on a "lack of procedural fairness" with respect to the resolution of the above-discussed motions to strike. (ECF No. 116, pp. 2-3.) Specifically, petitioner argues:

> The special master concluded that petitioner had signs of his alleged diagnosis, but no diagnosis thereby terminating his case. Part of the way the special master came to this decision was through the incorporation of an ill begotten expert report into a brief that clearly swayed the special master without the opportunity to receive a response from petitioner. Please reconsider to prevent manifest injustice.

(*Id.* at 2.)

Although petitioner acknowledges that the offending expert report was struck, he argues that "[t]he issue in this case was that the Respondent's brief contained a near complete recitation of the stricken report." (*Id.* at 2-3.) Petitioner's counsel continues:

> Never in the 18 years that I have been admitted to this program has something like this happened. I have certainly lost cases before where it was fair. Here this was truly trial by ambush and Mr. Woods should not suffer because of it. Please intervene now before we file the Motion for Review.

(*Id.* at 3.)

Petitioner requests that I reverse the decision dismissing this case, allow petitioner to file a further expert report, and provide an opportunity for cross-examination of Dr. Bouffard. (*Id.*)

## III. Legal Standard

Under the Vaccine Rules, motions for reconsideration are governed by Vaccine Rule 10(e). Either party may file such a motion within 21 days of the issuance of a special master's decision so long as judgment has not entered and no motion for review has been filed. Vaccine Rule 10(3)(1). The special master may seek a response from the nonmoving party but is only required to do so if granting the motion and reaching a different result. Vaccine Rules 10(e)(2), 10(e)(3)(A)(ii). Thus, because I am denying petitioner's motion, no response is necessary.

Special masters have the discretion to grant a motion for reconsideration if doing so would be in the "interest of justice." Vaccine Rule 10(e)(3). It has previously been noted, however, that there is little guidance for interpreting Vaccine Rule 10(e)(3) beyond the conclusion that it is within the special master's discretion to decide what

3

constitutes the "interest of justice" in a given case. *See Krakow v. Sec'y of Health & Human Servs.*, No 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Nov. 12, 2010) (granting reconsideration of motion to dismiss case for failure to prosecute). Generally, "[a] court may grant such a motion when the movant shows '(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" *System Fuels, Inc. et al. v. United States*, 79 Fed. Cl. 182, 184 (2007) (quoting *Amber Res. Co. v. United States*, 78 Fed. Cl. 508, 514 (2007)). Granting such relief requires "a showing of extraordinary circumstances." *Caldwell et al. v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Const. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)).

Special masters have previously concluded that, with regard to Vaccine Rule 10(e), "the 'interest of justice' standard is likely less onerous than 'manifest injustice.'" *Krakow*, 2010 WL 5572074, at *5. Nonetheless, "a motion for reconsideration should not be used to gain a second opportunity to argue what was already decided." *Chuisano v. Sec'y of Health & Human Servs.*, No. 07-452V, 2013 WL 6234660, at *20 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (citing *Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 9 (2012)). A party seeking reconsideration "must support the motion by a showing of extraordinary circumstances which justify relief." *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300. The motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300).

### IV.  Discussion

Petitioner's motion for reconsideration does not identify any specific error or mistake in the substantive resolution of this case. Instead, the motion argues that a procedural flaw rendered the result inherently unfair and that the only remedy is to reopen the record to allow petitioner to further litigate the expert opinions in the case. Specifically, petitioner's motion turns on whether my *granting only in part* petitioner's motion to strike represents an extraordinary circumstance such that reconsideration is in the interest of justice.

Petitioner contends that respondent's responsive brief should not have been considered because it contained reference to an expert report that I struck from the record. (ECF No. 116, pp. 2-3.) However, petitioner already raised this issue in presenting the motion to strike (*see* ECF No. 100, p. 3), and the resulting ruling specifically addressed that argument (*see* ECF No. 101, p. 19; *Woods*, 2023 WL 19182, at *14.). Petitioner's motion quotes that part of the Finding of Fact that grants his motion to strike respondent's final expert report but fails to acknowledge that part which addresses his current concern regarding respondent's responsive brief. The Finding of Fact stated:

4

> To the extent respondent's brief does discuss Dr. Bouffard's now struck report, most such references include alternative citations finding support elsewhere in the record. Those that do not are easily disregarded and, in any event, respondent's argumentation does not in itself constitute evidence.

(ECF No. 101, p. 19; *Woods*, 2023 WL 19182, at *14.)

Petitioner does not substantiate that this resolution of the motion to strike as articulated in the Finding of Fact constitutes any error or explain why it is not in keeping with fundamental fairness to both parties pursuant to the Vaccine Rules. Instead, petitioner merely seeks to relitigate what has already been decided without even grappling with its resolution in the first instance. Nor does petitioner articulate *how* the complained of resolution of the motions to strike affected the outcome. The finding of fact was based on the evidence of record and any quick read of its analysis is sufficient to observe that the outcome would not have changed if petitioner's motion had been granted in full. In sum, petitioner's motion does not come anywhere close to stating a basis for reconsideration under the above-discussed legal standard despite its heated rhetoric.

### V.    Conclusion

For all the reasons discussed above, petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master
