# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-897V
Filed: November 26, 2024

|  |  |
|---|---|
| TIMOTHY WOODS., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 30, 2017, petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that he suffered orbital eye pain, decreased vision, vision loss, and optic neuritis as a result of an October 11, 2014 influenza ("flu") vaccination. (*Id.*) A dismissal decision was issued on July 21, 2023, and judgment later entered on October 31, 2023, following a motion for review. (ECF Nos. 115, 125.) On April 24, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 128.) Petitioner requests a total of $69,329.94, including $66,522.10 for attorneys' fees and $2,807.84 for costs.[3] (*Id.* at 3.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] Petitioner received a prior award for interim attorneys' fees and costs in the amount of $41,463.38. (ECF Nos. 51, 53.)

1

On May 8, 2024, respondent filed a response to petitioner's motion.  (ECF No. 77.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent requests "that the [c]ourt exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 128.)  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, except that counsel and his paralegal billed a total of $14,945.90 between December 29, 2022, and March 15, 2023, pursuing and defending a procedurally defective motion for review that was ultimately dismissed as premature.  (ECF No. 128-1, pp. 20-22; *see also* ECF No. 112 (opinion dismissing motion for review).)  Especially given counsel's experience and familiarity with the program, I cannot conclude that billing for this time is reasonable.  *Accord Skinner-Smith v. Sec'y of Health & Human Servs.*, No. 14-1212V,

2024 WL 707001, at *2 (Fed. Cl. Spec. Mstr. Jan. 26, 2024) (finding that, "[b]ecause the merits of the motion for review were never properly before the court and the subsequent history indicates petitioner's motion for review ultimately would not have been drafted but for counsel's procedural error, the hours spent work on that motion were not reasonably incurred").  However, because some of the effort expended in initially drafting the motion likely contributed to petitioner's later, procedurally appropriate, motion for review, I will reduce the offending amount by only 75%, resulting in a reduction of $11,209.43.  Accordingly, petitioner's counsel is awarded attorneys' fees in the reduced amount of $55,312.67.

The undersigned has also reviewed the cost records submitted with petitioner's request.  (ECF No. 128-2.)  The undersigned finds the costs to be reasonable.

**Accordingly, the undersigned awards a lump sum of $58,120.51 in the form of a check jointly payable to petitioner and petitioner's counsel, Mark Theodore Sadaka, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]


**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.